UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHNNY WALTHOUR,

    Petitioner,

v.                                                    Case No. 4:19cv254-AW-HTC

MARK INCH,

    Respondent.

_____/

REPORT AND RECOMMENDATION

Petitioner Johnny Walthour, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction from the Fourth Judicial Circuit Court, Duval County, Florida. ECF Doc. 1 at 1. The petition was referred to the undersigned Magistrate Judge for briefing and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The Secretary has responded to the petition, arguing the petition should be dismissed on the merits. ECF Doc. 20. The Petitioner was given the opportunity to file a reply but has not, and the time for doing so has passed. ECF Doc. 27. However, upon review, and although the issue was not raised by the Secretary, the undersigned concludes that the Court lacks jurisdiction over this matter. Namely, this District is not the district that encompasses the court of conviction *or* the institution where Petitioner was (or is)

incarcerated. Thus, the undersigned respectfully recommends this action be transferred to the Middle District of Florida.

Under 28 U.S.C. § 2241(d).

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed *in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application*. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

*Id.* (emphasis added). For the entirety of this suit, Petitioner has been confined at Hardee Correctional Institution in Bowling Green, Florida, ECF Doc. 1 at 1, which is located in the Middle District of Florida. He challenges his conviction in *State v. Davis*, 2014 CF 1590 in Duval County, Florida, which is in the Middle District of Florida. ECF Doc. 1 at 1. The Northern District of Florida, therefore, is neither the district of conviction nor the district of incarceration.

Although section 2241(d) sets forth the appropriate venue for habeas petitions, there is some authority suggesting that in this circuit section 2241(d) is treated as jurisdictional. *See Rameses v. U.S. Dist. Ct.*, 523 F. App'x 691, 695 (11th Cir. 2013) (affirming Florida district court's dismissal of 2254 petition for lack of subject matter jurisdiction where petitioner was in custody under a sentence issued in California and incarcerated in California); *Sheley v. Tucker*, No. 4:11CV413-

Case No. 4:19cv254-AW-HTC

SPM/WCS, 2011 WL 6955842, at *1 (N.D. Fla. Dec. 6, 2011), *report and recommendation adopted,* No. 4:11-CV-413-SPM/WCS, 2012 WL 28280 (N.D. Fla. Jan. 5, 2012) ("As he is not incarcerated in this district and does not challenge the judgment of a state court located in this district, jurisdiction is not appropriate here."); *but see, Bozeman v. Lambert*, 587 F. Supp. 1021, 1023 (M.D. Ala. 1984), *aff'd,* 762 F.2d 1022 (11th Cir. 1985), and *aff'd sub nom. Wilder v. Lambert*, 762 F.2d 1022 (11th Cir. 1985) ("Section 2241(d) is a venue statute, however, and not a jurisdictional restriction.").

The Court notes, however, that other jurisdictions have limited section 2241(d) to governing venue only. *See e.g., U. S. ex rel. Ruffin v. Mancusi*, 300 F. Supp. 686, 686–87 (E.D.N.Y. 1969) ("While this court is not the proper District under either alternative of 2241(d), it has jurisdiction to transfer the proceeding to a proper District. 28 U.S.C § 1406(a). Section 2241(d) may be considered to establish proper venue rather than jurisdiction."); *Lomako v. Horel*, 2010 WL 715852, at *2 (E.D. Cal. Mar. 2, 2010) ("Because the immediate physical custodian rule is subject to waiver, and because the Court finds that the petition must be denied, judicial economy favors disposing of this action without transfer."); *Murphy v. Dep't of Corr. & Rehab.*, 2008 WL 111226, at *4 (N.D. Cal. Jan. 9, 2008) ("Thus, venue does not lie for either of the statutory grounds described above. Respondents, however, have not challenged venue and, hence, the objection is waived."); *U.S. ex rel. Baker v. Roberjut*, 2012 WL 619766, at *1 (N.D. Ill. Feb. 24, 2012) (although court was not

located in either the district of conviction or incarceration, because respondent did not challenge venue, it is waived); *see also, Simmons v. Tilton,* 2009 WL 844512, at *2 (S.D. Cal. Mar. 30, 2009) ("However, 'jurisdiction' in the context of 28 U.S.C. § 2241, does not refer to subject-matter jurisdiction. Rather, 'jurisdiction' under section 2241(d) is more akin to personal jurisdiction or venue and '[o]bjections to the filing of petitions based on those grounds can be waived by the Government.'") (quoting *Rumsfeld v. Padilla,* 542 U.S. 426, 434 fn. 7, (2005)).

Although, arguably, the Eleventh Circuit has not yet explicitly decided the issue of whether § 2241(d) is jurisdictional, and other jurisdictions are divided, the Court finds transferring this matter is the most appropriate action despite the age of the petition because lack of jurisdiction can be raised at any time, and, thus, were this Court to follow decisions such as *Bozeman*, jurisdiction would remain an open issue in the case. *See Dobard v. Johnson*, 749 F.2d 1503, 1507 (11th Cir. 1985) ("The court recognized the quicksand into which it would fall if it decided the issue of plenary jurisdiction. No matter how it ruled, the jurisdiction issue would remain alive in any appeal. If it found that it had jurisdiction, retained the case and denied the writ, petitioner could urge on appeal that the district court had no jurisdiction.").

Thus, rather than make a jurisdictional determination, the Eleventh Circuit recognized that it was proper for a court to transfer a case under 28 U.S.C. § 1631. That section provides, "Whenever a civil action is filed in a court [such as this one], is noticed for or filed with such a court and that court finds that there is a want of

Case No. 4:19cv254-AW-HTC

jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631. The Eleventh Circuit in *Dobard* therefore noted, "If, therefore, in the instant case the district court had decided that jurisdiction under Sec. 2241(d) was not present in the Northern District, the court could have transferred the case to the Southern District under Sec. 1631." 749 F.2d at 1507. Moreover, "[i]n a habeas corpus proceeding, if there is any possibility that an evidentiary hearing may be necessary, the action should be transferred to the district or division in which Petitioner was convicted and sentenced." *Eckles v. Cockrell,* 2002 WL 31157307, at *1 (N.D. Tex. Sept. 24, 2002).

Also, although courts have recognized several exceptions to applying § 1631, none are present here. The Eleventh Circuit has held that "the interest of justice" does not warrant transfer under § 1631 where a habeas petition is indisputably time-barred, *see* 28 U.S.C. § 2244(d), or is an unauthorized second or successive petition, *see id.* § 2244(b). *See Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999) (discussing transfer under section 1631 to the appellate court to address a successive petition). Similarly, a case should not be transferred under section 1631 if it is subject to dismissal for failure to exhaust. *See Clark v. Oklahoma*, 789 F. App'x

680, 683 (10th Cir. 2019) (the district court was correct in declining to transfer here because Clark had not exhausted his state remedies) (citing *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) and 28 U.S.C. § 1631). The parties have fully briefed this case and there is no indication the petition is successive and no issue of timeliness or exhaustion in the Secretary's response. *See* ECF Doc. 20. Instead, the Secretary argues the petition fails on its merits. Therefore, the interests of justice support transferring this matter to the Middle District, the district encompassing the court of conviction.

Finally, the fact that the Secretary did not raise lack of jurisdiction as a basis for dismissing the petition does not alter the analysis as a practical matter because lack of jurisdiction cannot be waived. *See Dobard*, 749 F.2d at 1507 ("jurisdiction cannot be conferred by waiver or non-assertion by counsel, and neither waiver nor non-assertion would affect the duty of this court to search the record for jurisdiction"); *Downes v. State of Alabama Dep't of Corr.*, 2016 WL 3573153, at *2 (S.D. Ala. June 3, 2016), *report and recommendation adopted,* 2016 WL 3579226 (S.D. Ala. June 28, 2016) (denying petition for change of venue, finding section 2241(d) to be jurisdictional).

Accordingly, it is respectfully RECOMMENDED that:

1.  The clerk TRANSFER this case to the United States District Court for the Middle District of Florida and close the file in the Northern District.

At Pensacola, Florida, this 10th day of August, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.